IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| ETi SOLID STATE LIGHTING, INC., | ) | CASE NO. 2:18-cv-252 |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE: |
| | ) | |
| COSTLESS LIGHTING, INC., | ) | **COMPLAINT** |
| | ) | **FOR PATENT INFRINGEMENT** |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMAND** |
| | ) | **ENDORSED HEREON** |

Plaintiff, ETi Solid State Lighting, Inc. ("ETi"), alleges as follows for its Complaint against Defendant, Costless Lighting, Inc. ("Costless").

### NATURE OF ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin infringement and obtain damages resulting from Costless's unauthorized and ongoing actions, in the State of Ohio and elsewhere, of making, having made, using, selling, having sold, offering to sell, distributing, and/or importing or having imported into the United States, certain lighting products that infringe on one or more claims of ETi's U.S. Patent Nos.: 9,500,352 (the "'352 Patent") and 9,541,270 (the "'270 Patent") (collectively, the "Asserted Patents").

2. This is an action for direct infringement. Upon information and belief, Costless makes, has made, uses, sells, offers to sell, distributes, and/or imports or has imported into the United States certain lighting products including, but not limited to, flush mount LED lighting

products for use with screw-in incandescent bulb sockets of which lighting products infringe one or more claims of the Asserted Patents, either literally and/or under the Doctrine of Equivalents.

## THE PARTIES

3. ETi is a corporation registered to conduct business within the State of Ohio, with its principal place of business at 720 Corporate Woods Parkway Vernon Hills, IL 60061, doing business in Chagrin Falls, Cuyahoga County, State of Ohio and listing its agent as Corporation Service Company which is located at 50 West Broad Street, Suite 1330, Columbus, OH 43215.

4. Upon information and belief, Costless is a corporation organized under the laws of the State of Ohio, with its principal place of business at 4200 Regent Suite 200, Columbus, OH 43219 and listing its agent as Corporation Service Company which is located at 50 West Broad Street, Suite 1330, Columbus, OH 43215.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the United States patent statutes, 35 U.S.C. § 100, *et seq*.

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

7. Costless has committed acts of patent infringement within the United States and more particularly, within this District.

8. Upon information and belief, Costless is transacting business within the State of Ohio and within this District.

9. This Court has personal jurisdiction over Costless because Costless is transacting business within this District and has committed acts and, upon information and belief, will continue to commit acts within this District giving rise to this action, including offering to sell

and selling infringing products and/or placing infringing products, directly or indirectly into the stream of commerce in such a way as to reach customers in this District.

10. Costless has purposefully and voluntarily sold one or more of its infringing products with the expectation that they will be purchased by consumers in this District.

11. These infringing products have been and continue to be purchased by consumers in this District.

12. Upon information and belief, Costless has committed acts, and will continue to commit acts within the State of Ohio and within this District, giving rise to this action, by offering to sell and selling infringing products and/or placing infringing products, directly or indirectly into the stream of commerce in such a way as to reach customers in the State of Ohio and in this District.

13. Upon information and belief, Costless provides sales and distribution services in the State of Ohio and in this District.

14. Upon information and belief, Costless has sold and/or distributed and/or marketed infringing products in the State of Ohio and in this District.

15. Upon information and belief, Costless has regular or established business operations in the State of Ohio and in this District.

16. Upon information and belief, Costless has systematic and continuous sales and/or distribution services, and/or marketing activities in the State of Ohio and in this District.

17. Upon information and belief, this Court has personal jurisdiction over Costless as a result of Costless's systematic and continuous contacts within the State of Ohio and this District.

18. Upon information and belief, Costless's systematic and continuous contacts within the State of Ohio and within this District result from its continuous contact with and sales to, customers in Ohio and in this District.

19. Costless offers for sale, sells, uses, imports, distributes, and/or advertises products that infringe on one or more of the claims of the Asserted Patents in the State of Ohio, and the foregoing products are accessible to and accessed by customers and/or clients in this District.

20. Venue is proper in the Southern District of Ohio under 28 U.S.C. §§ 1391 (b) and 28 U.S.C. § 1400(b).

21. Venue is proper in the Southern District of Ohio because Costless is incorporated in the State of Ohio and has a principal place of business in or around Columbus, Ohio.

## FACTUAL BACKGROUND

22. ETi is a vertically integrated LED manufacturer and marketer which offers a full portfolio of innovative LED light fixtures, components thereof and LED lamps.

23. On November 22, 2016, the United States Patent and Trademark Office issued the '352 Patent to ETi.

24. On January 10, 2017, the United States Patent and Trademark Office issued the '270 Patent to ETi.

25. Upon information and belief, Costless is a residential and commercial lighting manufacturer and/or wholesaler and/or retailer.

26. Upon information and belief, Costless is a residential and commercial lighting manufacturer and/or wholesaler and/or retailer of LED lighting.

27. Upon information and belief, Costless manufactures and/or sells and/or distributes a "Pull Chain LED Retrofit Remodel" LED light fixture, also referred to as a "socket mount" by Costless, under model numbers 05-LEDM-15W-27K and 05-LEDM-15W-35K.

28. Upon information and belief, Costless manufactures and/or sells and/or distributes a "socket mount" LED light fixture.

29. On several occasions, ETi's legal counsel has notified Costless of its infringement of the Asserted Patents by Costless's sale of integral LED light fixtures of the type disclosed and covered by the '352 Patent and the '270 Patent, which light fixtures include, *inter alia*, a flush mount ceiling lamp on its "Pull Chain LED Retrofit Remodel" LED light fixture (in particular, Model Nos.: 05-LEDM-15W-27K and 05-LEDM-15W-35K), and has requested that Costless undertake certain actions, and noted that Costless has continued to deliberately infringe the '352 Patent and the '270 Patent.

30. On, June 22, 2017, ETi's legal counsel, Mr. D. Peter Hochberg ("Mr. Hochberg"), directed written correspondence to the President of Costless to provide actual notice of potential infringement.

31. Costless, and/or its law firm Diederiks & Whitelaw, PLC, had, until March 16, 2018, failed to provide a formal written response to ETi's June 22, 2017 correspondence, and Costless had chosen instead to continue infringing the Asserted Patents willfully and wantonly.

32. On July 21, 2017, Mr. Nicholas Whitelaw ("Mr. Whitelaw") called Mr. Hochberg to inquire about the specific Costless models that Mr. Hochberg referred to in his June 22, 2017 letter.

33. On July 21, 2017, Mr. Hochberg followed-up on this July 21, 2017 telephone conference with Mr. Whitelaw by sending an email to Mr. Whitelaw confirming this conversation.

34. On July 21, 2017, Mr. Whitelaw acknowledged receipt of Mr. Hochberg's July 21, 2017 follow-up email correspondence confirming their July 21, 2017 telephone conference.

35. Then on January 30, 2018, Mr. Hochberg sent a letter to Mr. Whitelaw to formally reiterate his contentions within the June 22, 2017, seeking a written response, but also to confirm that Mr. Whitelaw represents Costless.

36. On February 21, 2018, Mr. Whitelaw sent an email to Mr. Hochberg seeking to schedule a telephone conference.

37. On February 28, 2018, Mr. Whitelaw and Mr. Hochberg conducted a telephone conference.

38. On March 1, 2018, Mr. Hochberg sent an email to Mr. Whitelaw attaching a letter to follow-up on their February 28, 2018 telephone conference, but to also restate that no actions had been undertaken by Costless with respect to ETi's patent position.

39. On March 16, 2018, Costless by and through Mr. Everett Diederiks, Jr. ("Mr. Diederiks") sent a formal written letter to Mr. Hochberg.

40. In the March 16, 2018 letter, Mr. Diederiks alleged that Costless did not infringe the independent claims of the '270 Patent, and misstated the number of independent claims of the '352 Patent, which he also stated were not infringed.

41. In the March 16, 2018 letter, Mr. Diederiks failed to mention Claim 24 of the '352 Patent which lacks the very limitation which Mr. Diederiks alleged was not in Costless's products that ETi had accused infringed the '352 Patent and the '270 Patent.

42. Costless took nearly nine (9) months to respond to Mr. Hochberg's June 22, 2017 correspondence.

43. Costless has derived substantial value from these products which incorporate the patented technologies.

44. Costless continues to derive substantial value from these products which incorporate the patented technologies.

## FIRST CLAIM FOR RELIEF
### (Infringement of U.S. Patent 9,500,352)

45. ETi repeats and re-alleges as if fully set forth herein its responses to the allegations in paragraphs 1 to 44 as if fully set forth herein.

46. ETi is the owner of all right, title and interest in '352 Patent. A true and accurate copy of the '352 Patent is attached hereto as **Exhibit A**.

47. The '352 Patent is valid and enforceable and ETi has the full right to recover for past infringement damages and the right to recover future royalties, damages and income.

48. Upon information and belief, Costless has directly infringed the '352 Patent, without ETi's authority by making, importing, selling, offering to sell, and/or using light fixtures that embody the patented invention of the '352 Patent, and infringe one or more claims of the '352 Patent.

49. Upon information and belief, Costless has known of the '352 Patent since at least June 22, 2017, and has disregarded, and continues to disregard that Costless's actions infringe the '352 Patent.

50. Upon information and belief, Costless's direct infringement has been and continues to be deliberate, willful, intentional, and with knowledge of the existence of the '352 Patent since at least June 22, 2017, when ETi's legal counsel sent correspondence to the

President of Costless, and later to Mr. Whitelaw, to place Costless on actual notice, such that ETi is entitled to enhanced damages and to recover its attorneys' fees and other expenses of litigation pursuant to 35 U.S.C. §§ 284 and 285.

51. ETi has at no time either expressly or impliedly licensed Costless to practice the '352 Patent.

52. Upon information and belief, Costless has caused irreparable harm to ETi, by its infringing conduct, for which there is no adequate remedy at law.

53. Upon information and belief, Costless will continue to cause irreparable harm to ETi, by its infringing conduct, for which there is no adequate remedy at law.

54. As a result of Costless's actions, ETi has suffered substantial injury, including irreparable harm, which will result in damages to ETi, including loss of sales and profits, which ETi would have made but for the infringement by Costless, unless Costless is enjoined by this Court.

55. As a result of Costless's actions, ETi will continue to suffer substantial injury, including irreparable harm, which will result in damages to ETi, including loss of sales and profits, which ETi would have made but for the infringement by Costless, unless Costless is enjoined by this Court.

**SECOND CLAIM FOR RELIEF**
**(Infringement of U.S. Patent 9,541,270)**

56. ETi repeats and re-alleges as if fully set forth herein its responses to the allegations in paragraphs 1 to 55 as if fully set forth herein.

57. ETi is the owner of all right, title and interest in '270 Patent. A true and accurate copy of the '270 Patent is attached hereto as **Exhibit B**.

58. The '270 Patent is valid and enforceable and ETi has the full right to recover for past infringement damages and the right to recover future royalties, damages and income.

59. Upon information and belief, Costless has infringed the '270 Patent, without ETi's authority by making, importing, selling, offering to sell, and/or using light fixtures that embody the patented invention of the '270 Patent, and infringe one or more claims of the '270 Patent.

60. Upon information and belief, Costless has known of the '270 Patent since at least June 22, 2017, and has disregarded, and continues to disregard that Costless's actions infringe the '270 Patent.

61. Upon information and belief, Costless's direct infringement has been and continues to be deliberate, willful, intentional, and with knowledge of the existence of the '270 Patent since at least June 22, 2017, when ETi's legal counsel sent correspondence to the President of Costless, and later to Mr. Whitelaw, to place Costless on actual notice, such that ETi is entitled to enhanced damages and to recover its attorneys' fees and other expenses of litigation pursuant to 35 U.S.C. §§ 284 and 285.

62. ETi has at no time either expressly or impliedly licensed Costless to practice the '270 Patent.

63. Upon information and belief, Costless has caused irreparable harm to ETi, by its infringing conduct, for which there is no adequate remedy at law.

64. Upon information and belief, Costless will continue to cause irreparable harm to ETi, by its infringing conduct, for which there is no adequate remedy at law.

65. As a result of Costless's actions, ETi has suffered substantial injury, including irreparable harm, which will result in damages to ETi, including loss of sales and profits, which

ETi would have made but for the infringement by Costless, unless Costless is enjoined by this Court.

66. As a result of Costless's actions, ETi will continue to suffer substantial injury, including irreparable harm, which will result in damages to ETi, including loss of sales and profits, which ETi would have made but for the infringement by Costless, unless Costless is enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, ETi respectfully requests that the Court enter judgment against Costless and against its respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, and employees, and all persons in privity or active concert or participation with Costless, granting the following relief:

A. The entry of judgment in favor of ETi and against Costless;

B. A judgment that one or more claims of the '352 Patent have been directly infringed by Costless either literally and/or under the Doctrine of Equivalents;

C. A judgment that one or more claims of the '270 Patent have been directly infringed by Costless either literally and/or under the Doctrine of Equivalents;

D. Issue an Order directing Costless and its officers, agents, servants, employees, and attorneys, and those acting in concern and participation with them who receive actual notice of the Order, to destroy all infringing products, as well as all mold, machines, tooling, or other equipment used in the manufacture of products infringing the Asserted Patents;

E. Issue an Order granting preliminary injunctive relief restraining and enjoining Costless and its officers, agents, servants, employees, and attorneys, and those

    acting in concern and participation with them who receive actual notice of the Order from infringement of the Asserted Patents for the full term thereof;

F. Issue an Order granting permanent injunctive relief restraining and enjoining Costless and its officers, agents, servants, employees, and attorneys, and those acting in concern and participation with them who receive actual notice of the Order from infringement of the Asserted Patents for the full term thereof;

G. A judgment for monetary damages resulting from Costless's infringement of the Asserted Patents in an amount to be proven at trial, but no less than a reasonable royalty, together with pre-judgment interest and post-judgment interest;

H. An award of actual damages against Costless for damages arising from Costless's infringement of the Asserted Patents to be willful and deliberate, and a trebling of damages pursuant to 35 U.S.C. § 284;

I. A judgment holding this case to be an exceptional case, and an award to ETi for its attorneys' fees, costs and expenses incurred prosecuting this action pursuant to 35 U.S.C. § 285;

J. In the event a final injunction is not granted, a compulsory on-going royalty; and

K. Such other relief to which ETi is entitled under law, and any other and further relief as this Court may deem just and proper.

Dated: March 26, 2018

    Respectfully submitted,

    */s/ Craig A. Marvinney*
    Craig A. Marvinney (Ohio Reg. 0004951)
    Direct Dial: (216) 928-2889
    E-mail: cmarvinney@walterhav.com
    D. Peter Hochberg (Ohio Reg. 0001558)
    Direct Dial: (216) 928-2903
    E-mail: dphochberg@walterhav.com

    WALTER | HAVERFIELD LLP
    The Tower at Erieview
    1301 E. Ninth Street, Suite 3500
    Cleveland, OH 44114-1821
    Ph: (216) 781-1212 / Fax: (216) 575-0911

    *Attorneys for Plaintiff*
    *ETi Solid State Lighting, Inc.*

**JURY DEMAND**

ETi hereby demands a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

Dated: March 26, 2018

Respectfully submitted,

*/s/ Craig A. Marvinney*
Craig A. Marvinney (Ohio Reg. 0004951)
Direct Dial: (216) 928-2889
E-mail: cmarvinney@walterhav.com
D. Peter Hochberg (Ohio Reg. 0001558)
Direct Dial: (216) 928-2903
E-mail: dphochberg@walterhav.com

WALTER | HAVERFIELD LLP
The Tower at Erieview
1301 E. Ninth Street, Suite 3500
Cleveland, OH 44114-1821
Ph: (216) 781-1212 / Fax: (216) 575-0911

*Attorneys for Plaintiff*
*ETi Solid State Lighting, Inc.*